**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 23 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IN RE: PARKS DIVERSIFIED, L.P., DEBTOR<br><br>TALON DIVERSIFIED HOLDINGS INC.; NORTH VALLEY MALL II, LLC; NORTH VALLEY REGIONAL CENTER LLC; PARKS DIVERSIFIED, LP; RICHARD PARKS, individually and as trustee of the Parks Family Trust; LUCIA PARKS, individually and as trustee of the Parks Family Trust,<br><br>        Plaintiffs - Appellants,<br><br>  v.<br><br>MARC FORSYTHE, an individual; GOE FORSYTHE & HODGES, LLP, a limited liability partnership,<br><br>        Defendants - Appellees,<br><br>and<br><br>KIMURA LONDON AND WHITE, LLP, a California limited liability partnership, LINDA WONG, an individual, MICHAEL S. LEBOFF, an individual, WILLIAM LONDON, an | No. 24-5516<br><br>D.C. No.<br>8:24-cv-00227-SVW<br><br>MEMORANDUM[*] |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

individual, DAVID KLEIN, an individual, DARRELL P. WHITE, an individual, KLEIN & WILSON, an entity of form unknown, MAXX SHARP, an individual, TODD B. BECKER, an individual,

Defendants.

---

IN RE: PARKS DIVERSIFIED, L.P., DEBTOR

TALON DIVERSIFIED HOLDINGS INC.; NORTH VALLEY MALL II, LLC; NORTH VALLEY REGIONAL CENTER LLC; PARKS DIVERSIFIED, LP; RICHARD PARKS, individually and as trustee of the Parks Family Trust; LUCIA PARKS, individually and as trustee of the Parks Family Trust,

Plaintiffs - Appellants,

v.

DAVID KLEIN; MARC FORSYTHE, an individual; GOE FORSYTHE & HODGES, LLP, a limited liability partnership; MICHAEL S. LEBOFF, an individual; KLEIN & WILSON, an entity of form unknown; DARRELL P. WHITE, an individual; WILLIAM LONDON, an individual; MAXX SHARP, an individual; KIMURA LONDON AND WHITE, LLP, a California limited liability partnership; LINDA WONG, an individual; TODD B. BECKER, an individual,

No. 24-5517

D.C. No.
8:23-cv-02230-SVW

2

24-5516

Defendants - Appellees.

TALON DIVERSIFIED HOLDINGS INC.; NORTH VALLEY MALL II, LLC; NORTH VALLEY REGIONAL CENTER LLC; PARKS DIVERSIFIED, LP; RICHARD PARKS; LUCIA PARKS,

Plaintiffs - Appellees,

v.

DAVID KLEIN,

Defendant - Appellant,

and

MARC FORSYTHE, GOE FORSYTHE & HODGES, LLP, MICHAEL S. LEBOFF, KLEIN & WILSON, DARRELL P. WHITE, WILLIAM LONDON, MAXX SHARP, KIMURA LONDON AND WHITE, LLP, LINDA WONG, TODD B. BECKER,

Defendants.

No. 24-5911

D.C. No.
8:23-cv-02230-SVW

TALON DIVERSIFIED HOLDINGS INC.; NORTH VALLEY MALL II, LLC; NORTH VALLEY REGIONAL CENTER LLC; PARKS DIVERSIFIED, LP; RICHARD PARKS; LUCIA PARKS,

Plaintiffs - Appellees,

v.

No. 24-5918

D.C. No.
8:23-cv-02230-SVW

3

24-5516

DARRELL P. WHITE; WILLIAM LONDON; MAXX SHARP; KIMURA LONDON AND WHITE, LLP,

Defendants - Appellants,

and

DAVID KLEIN, MARC FORSYTHE, GOE FORSYTHE & HODGES, LLP, MICHAEL S. LEBOFF, KLEIN & WILSON, LINDA WONG, TODD B. BECKER,

Defendants.

TALON DIVERSIFIED HOLDINGS INC.; NORTH VALLEY MALL II, LLC; NORTH VALLEY REGIONAL CENTER LLC; PARKS DIVERSIFIED, LP; RICHARD PARKS; LUCIA PARKS,

Plaintiffs - Appellees,

v.

TODD B. BECKER,

Defendant - Appellant,

and

DAVID KLEIN, MARC FORSYTHE, GOE FORSYTHE & HODGES, LLP, MICHAEL S. LEBOFF, KLEIN & WILSON, DARRELL P. WHITE, WILLIAM LONDON, MAXX SHARP, KIMURA LONDON AND WHITE, LLP, LINDA WONG,

No. 24-5920

D.C. No.
8:23-cv-02230-SVW

4

|  | |
|---|---|
| Defendants. | |

| | |
|---|---|
| TALON DIVERSIFIED HOLDINGS INC.; NORTH VALLEY MALL II, LLC; NORTH VALLEY REGIONAL CENTER LLC; PARKS DIVERSIFIED, LP; RICHARD PARKS, individually and as trustee of the Parks Family Trust; LUCIA PARKS, individually and as trustee of the Parks Family Trust,<br><br>             Plaintiffs - Appellants,<br><br>  v.<br><br>DAVID KLEIN, an individual; MARC FORSYTHE, an individual; GOE FORSYTHE & HODGES, LLP, a limited liability partnership; MICHAEL S. LEBOFF, an individual; KLEIN & WILSON, an entity of form unknown; DARRELL P. WHITE, an individual; WILLIAM LONDON, an individual; MAXX SHARP, an individual; KIMURA LONDON AND WHITE, LLP, a California limited liability partnership; LINDA WONG, an individual; TODD B. BECKER, an individual,<br><br>             Defendants - Appellees. | No. 24-6314<br><br>D.C. No.<br>8:23-cv-02230-SVW |

| | |
|---|---|
| IN RE: PARKS, DIVERSIFIED, L.P., DEBTOR<br><br>TALON DIVERSIFIED HOLDINGS INC.; NORTH VALLEY MALL II, LLC; NORTH VALLEY REGIONAL CENTER LLC; PARKS DIVERSIFIED, | No. 24-6638<br><br>D.C. No.<br>8:24-cv-00228-SVW |

5

LP; RICHARD PARKS; LUCIA PARKS,

Plaintiffs - Appellants,

v.

DAVID KLEIN; MARC
FORSYTHE; GOE FORSYTHE &
HODGES, LLP; MICHAEL S.
LEBOFF; KLEIN & WILSON; DARRELL
P. WHITE; WILLIAM LONDON; MAXX
SHARP; KIMURA LONDON AND
WHITE, LLP; LINDA WONG; TODD B.
BECKER,

Defendants - Appellees.

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted February 9, 2026
Submission Vacated March 3, 2026
Resubmitted July 23, 2026
Pasadena, California

Before: OWENS, VANDYKE, and H.A. THOMAS, Circuit Judges.

Appellants Richard and Lucia Parks (collectively "the Parkses"); Parks Diversified, L.P. ("Parks Diversified"); Talon Diversified Holdings, Inc. ("Talon"); North Valley Mall II, LLC ("North Valley Mall II"); and North Valley Regional Center, LLC ("North Valley Regional Center") appeal from the district court's resolution of an appeal from the bankruptcy court's dismissal of claims against Appellees David Klein ("Klein"); Marc Forsythe and Goe Forsythe & Hodges, LLP

(collectively "Goe Forsythe"); Michael LeBoff and Klein & Wilson (collectively "K&W"), Darrel White, Willim London, Maxx Sharp, and Kimura London & White LLP (collectively "Kimura"); and Todd Becker ("Becker"). Appellants also appeal from the district court's order imposing sanctions on them. Cross-Appellants Klein, Kimura, and Becker appeal from the district court's order directing the bankruptcy court to remand the claims against them to state court. We dismiss in part for lack of jurisdiction, affirm in part, and remand.[1]

We have jurisdiction to determine whether we have jurisdiction, *see Hernandez v. Ashcroft*, 345 F.3d 824, 833 n.5 (9th Cir. 2003), and we review our own jurisdiction de novo, *see Silver Sage Partners, Ltd. v. City of Desert Hot Springs* (*In re City of Desert Hot Springs*), 339 F.3d 782, 787 (9th Cir. 2003). We review the scope of the bankruptcy court's subject-matter jurisdiction de novo. *See Piombo Corp. v. Castlerock Props.* (*In re Castlerock Props.*), 781 F.2d 159, 161 (9th Cir. 1986). We review for abuse of discretion the district court's imposition of sanctions under Federal Rule of Civil Procedure 11. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990). A district court abuses its discretion if it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.*

---

[1] We previously resolved a portion of this matter in an opinion filed on March 3, 2026. *See Talon Diversified Holdings Inc. v. Forsythe* (*In re Parks Diversified, L.P.*), 168 F.4th 1188 (9th Cir. 2026).

1. We lack jurisdiction over Cross-Appellants' appeal of the district court's order to remand claims to state court. In general, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise …." 28 U.S.C. § 1447(d). *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995), which affirmed the Sixth Circuit's dismissal of a similar appeal for lack of jurisdiction, is instructive. Like the defendant in *Things Remembered*, Goe Forsythe removed a state-court action to the bankruptcy court under the bankruptcy removal statute, 28 U.S.C. § 1452. *See Things Remembered*, 516 U.S. at 126. Like the bankruptcy court in *Things Remembered*, the bankruptcy court here denied remand. *See id.* And like the district court in *Things Remembered*, the district court here explicitly rejected the bankruptcy court's finding of removal jurisdiction and remanded the case for the bankruptcy court to remand claims to state court. *See id.* at 126–27 & n.2. Although the district court in *Things Remembered* found a procedural defect in removal and the district court here found that the bankruptcy court had acted beyond its subject-matter jurisdiction, *see id.* at 126, that distinction makes no difference, *see id.* at 127–28 ("As long as a district court's remand is based on a timely raised defect in removal procedure *or* on lack of subject-matter jurisdiction … a court of appeals lacks jurisdiction to entertain an appeal of the remand order under § 1447(d)." (emphasis added)). Finally, like the district court's order in *Things Remembered*, the district court's order here left the bankruptcy court

with "no option but to remand" to state court the claims over which the bankruptcy court purportedly lacked jurisdiction. *Id.* at 127 n.2.

Contrary to Kimura's argument, it is of no moment that the district court didn't order the remand of the *entire* case to state court. When the district court ordered the claims against Cross-Appellants to be remanded to state court, the district court effectively severed those claims from the other claims in the removed Act II case. Thus, the claims the district court ordered remanded became their own "case" under § 1447(d). *See DeMartini v. DeMartini*, 964 F.3d 813, 821 (9th Cir. 2020).

2. For the same reasons stated in the previously filed opinion in this case, we have jurisdiction under 28 U.S.C. § 158(d)(1) over the remaining issues on appeal. *See In re Parks Diversified, L.P.*, 168 F.4th at 1195–97.

3. We affirm the district court's conclusion that the bankruptcy court had subject-matter jurisdiction over the Act II claims against Goe Forsythe and K&W. Both the original and amended Act II complaints contain scores of convoluted claims, but many of the allegations center around the theory that the initial Parks Diversified Chapter 11 petition was filed without the requisite authority and that Goe Forsythe and K&W—with knowledge of the lack of authority—enabled Klein to attempt to expel his parents from the Parks Diversified partnership and file the bankruptcy petition. Thus, some claims in the Act II complaint "by [their] nature, could arise only in the context of a bankruptcy case" and were therefore "core"

claims that were properly removed to the bankruptcy court. *Gruntz v. County of Los Angeles* (*In re Gruntz*), 202 F.3d 1074, 1081 (9th Cir. 2000) (en banc) (citation omitted); *see also Gonzales v. Parks*, 830 F.2d 1033, 1035 (9th Cir. 1987) ("Filings of bankruptcy petitions are a matter of exclusive federal jurisdiction."); 28 U.S.C. § 1452(a).

To the extent that either the original or amended Act II complaint contained claims against Goe Forsythe or K&W that were *not* "core," the bankruptcy court validly exercised its ancillary jurisdiction to resolve them. "Where a settlement agreement led to the dismissal of a case, a court has jurisdiction to vindicate its authority or effectuate its decree if the court's dismissal order explicitly retained jurisdiction or incorporated the terms of the settlement agreement." *Sea Hawk Seafoods, Inc. v. Alaska* (*In re Valdez Fisheries Dev. Ass'n*), 439 F.3d 545, 549 (9th Cir. 2006). Here, the bankruptcy court approved a stipulation that provided that the court would "retain jurisdiction over issues relating to this Bankruptcy Case and the rights arising out of this agreement."[2] Thus, the bankruptcy court had ancillary

---

[2] Although no one explicitly signed the stipulation on behalf of Parks Diversified, the stipulation was signed by all three owners of Parks Diversified, everyone who could have been a general partner of Parks Diversified, and the counsel that represented Parks Diversified in the bankruptcy proceeding. And though the Parkses signed the stipulation only in their individual capacities and not in their capacities as trustees of the Parks Family Trust, that doesn't mean that the stipulation didn't bind them in their capacities as trustees. *See JPMorgan Chase Bank, N.A. v. Ward*, 245 Cal. Rptr. 3d. 303, 309 (Cal. Ct. App. 2019) ("Where a trustee signs a contract of

jurisdiction to "effectuate its decree" and dismiss the claims that Parks Diversified and the Parkses had explicitly waived in the stipulation. *Id.*

4. The district court did not abuse its discretion in imposing Rule 11 sanctions against Appellants. Although Appellants argue that their motion for rehearing was necessary "to seek clarification from the [district] court" about the scope of the remand order, the district court's remand order was clear on its own terms. In light of that clarity, the district court did not abuse its discretion in determining that Appellants' request for clarification was "frivolous." And Appellants don't contend that their request amounted to "a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).

We therefore **DISMISS** in part for lack of appellate jurisdiction, **AFFIRM** the district court's judgment in all other respects, and **REMAND** the case to the district court with instructions that the district court carry out its remand order.

---

sale or deed without reference to his or her representative capacity, the contract or deed is enforceable against the trust." (citation modified)).